

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2003

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket 01-3615

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Williams" (2003). *2003 Decisions.* Paper 622.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/622

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3615

UNITED STATES OF AMERICA

v.

NATHANIEL WILLIAMS,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00178-1
(Honorable Harvey Bartle, III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 27, 2003
Before:  SCIRICA, GREENBERG and GIBSON*, <u>Circuit</u> <u>Judges</u>

(Filed: April 25, 2003)

OPINION OF THE COURT

_____

   *The Honorable John R. Gibson, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

SCIRICA, *Circuit Judge*.

Defendant, Nathaniel Williams, appeals from the sentence imposed by the District Court. We will affirm.

**I.**

Williams entered into a plea agreement in which he pleaded guilty to violations stemming from his participation in three armed robberies of large retail stores and from his role in a planned, fourth armed robbery.[1] In two of the robberies, Williams orchestrated the plan carried out by his armed co-conspirators and shared in the proceeds totaling $169,000. In the third robbery, an armed Williams infiltrated the store with his co-conspirators and stole $42,000 at gunpoint. Before Williams and his co-conspirators fled, one of them pistol-whipped a security guard. The District Court sentenced Williams to 43 years' imprisonment followed by three years of supervised release. Williams has appealed.

Williams contends his sentence should be vacated and that the matter should be remanded for re-sentencing. Williams argues the District Court (1) erroneously applied

---

[1] The indictment charged Williams with the following twelve counts: (1) four counts of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; (2) two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951; (3) three counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) three counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The government moved to dismiss the three counts of using and carrying a firearm in exchange for Williams's entry into the plea agreement. The District Court granted the motion.

two one-point enhancements and one two-point enhancement to his base offense level under U.S.S.G. § 2B3.1(b)(7)(B), (C);[2] (2) erroneously applied a two-point enhancement to his base offense level under U.S.S.G. § 2B3.1(b)(3)(A) for pistol-whipping the security guard;[3] (3) erroneously applied a two-point enhancement under U.S.S.G. § 3C1.1 for obstruction of justice;[4] and (4) erroneously sentenced him to 33 years for a second and third violation of 18 U.S.C. § 924(c)(1)(A)(ii).[5] Williams also contends he did not knowingly, intelligently, and voluntarily enter into the guilty plea because the District

---

[2] U.S.S.G. § 2B3.1(b)(7)(B) provides for a one-point enhancement to the base offense level of 20 where the amount of loss resulting from a robbery is more than $10,000 and less than $50,000. U.S.S.G. § 2B3.1(b)(7)(C) provides for a two point enhancement where the amount of loss resulting from a robbery is more than $50,000 and less than $250,000. In Williams's case, the District Court determined that the loss amounts resulting from the three robberies were $49,000, $42,000, and $120,000.

[3] U.S.S.G. § 2B3.1(b)(3)(A) provides for a two-point enhancement if any victim of the robbery sustained bodily injury.

[4] U.S.S.G. § 3C1.1, "Obstructing or Impeding the Administration of Justice," provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by two levels.

According to the Presentence Investigation Report, Williams attempted to have his ex-wife lie to the FBI about his whereabouts during the robbery, and he attempted to bribe a potential adversary witness.

[5] In his *pro se* brief, Williams incorrectly states that the District Court sentenced him to 39 years under 18 U.S.C. § 924(c)(1)(C). In fact, the District Court imposed six of the 39 years for his first firearm offense, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).

3

Court did not establish an adequate factual basis for the plea. For the following reasons, we conclude Williams's contentions lack merit.

## II.

With the exception of Williams's allegations of error based on U.S.S.G. § 2B3.1(b)(3)(A)[6] and the guilty plea,[7] we review his appeal for plain error because he did not raise these objections at the sentencing hearing. *See* FED. R. CRIM. P. 52(b); *United States v. Vazquez*, 271 F.3d 93, 100 (3d Cir. 2001) (en banc).

In Williams's view, the District Court erred by applying the sentencing enhancements because he did not stipulate to the loss amounts in the plea agreement, and because the government did not provide sufficient evidence to support the District Court's determination of the loss amounts at the sentencing hearing. Similarly, Williams disputes the two-point enhancement under U.S.S.G. § 3C1.1 because he did not stipulate to it in the plea agreement and because the government did not present evidence in support of the enhancement at the sentencing hearing.

---

[6] We exercise plenary review over the District Court's interpretation of U.S.S.G. § 2B3.1(b)(3)(A), while we review its findings of fact for clear error. *See United States v. Butch*, 256 F.3d 171, 177 (3d Cir. 2001) (providing that our review of district court's "interpretation and application of the Sentencing Guidelines is plenary, whereas we review its findings of fact for clear error.")

[7] The District Court's finding of a factual basis is ordinarily reviewed for abuse of discretion. *United States v. Cefaratti*, 221 F.3d 502, 509 (3d Cir. 2000). Whether or not Williams's failure to raise this issue below triggers plain error review is subject to some disagreement outside of this circuit. *See id*. at 509 n.3. Because we conclude that the District Court established an adequate factual basis, we need not reach this issue today.

But the loss amount calculations and the finding of obstruction of justice were supported by the government's evidentiary proffer at the plea hearing and were set forth in the Presentence Investigation Report. *See Cefaratti*, 221 F.3d at 509 (3d Cir. 2000) (recognizing that factual basis for guilty plea required by FED. R. CRIM. P. 11(f) is satisfied by government's evidentiary proffer, presentence report, or any means appropriate for specific case). In addition, the plea agreement provided that "the Court may make factual and legal determinations that differ from the parties' positions and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed." Williams is bound by the terms of the plea agreement. *See United States v. Mastrangelo*, 172 F.3d 288, 294 (3d Cir. 1999) (observing that defendant's agreement to stipulation in plea agreement on informed advice of counsel ordinarily precludes objection on appeal). Since the undisputed facts and conclusions contained in the Presentence Investigation Report provide a proper basis for sentencing determinations, the District Court did not err by applying the sentencing enhancements. *See United States v. Gibbs*, 190 F.3d 188, 207 (recognizing that "[a] conclusion in the presentence investigation report that goes unchallenged by the defendant is, of course, a proper basis for sentence determination.") (quotation marks omitted).

Williams's contention that he did not personally pistol-whip the security guard or, in the alternative, that he did not stipulate to this sentencing enhancement in the plea agreement, also fails. With respect to Williams's first argument, it is not significant for

5

purposes of applying U.S.S.G. § 2B3.1(b)(3)(A) whether Williams or one of his co-conspirators struck the security guard; under the United States Sentencing Guidelines, Williams is responsible for reasonably foreseeable acts of his cohorts. *See* U.S.S.G. § 1B1.3(a)(1)(B) (providing that in jointly undertaken criminal activity defendant is responsible for reasonably foreseeable acts of others taken in furtherance of joint criminal activity). Furthermore, Williams stipulated to the District Court's imposition of an enhancement under the United States Sentencing Guidelines. *Mastrangelo*, 172 F.3d at 294.

Relying upon *Harris v. United States*, 122 S. Ct. 2406 (2002), Williams argues 18 U.S.C. § 924(c)(1)(C) is a separate statute from 18 U.S.C. § 924(c)(1)(A)(ii), which must be charged separately in the indictment. In *Harris*, however, the Supreme Court observed that the "principle paragraph [§ 924(c)(1)(A)] defines a single crime and its subsections identify sentencing factors." *Id.* at 2412. Title 18, § 924(c)(1)(C) of the United States Code is a subsection of 18 U.S.C. § 924(c)(1)(A) that mandates the imposition of a minimum sentence of 25 years for a second or subsequent conviction. Accordingly, it is "consistent with traditional understandings about how sentencing factors operate; the required findings constrain, rather than extend, the sentencing judge's discretion." *Id*. at 2412-2413. For this reason, 18 U.S.C. § 924(c)(1)(C) is a sentencing factor that does not implicate Williams's right to an indictment, trial, or conviction upon proof of each element of the crime beyond a reasonable doubt.

Finally, Williams asserts that he did not knowingly, intelligently, and voluntarily enter into the guilty plea because the District Court did not adequately establish the factual bases of the offenses charged under 18 U.S.C. § 924(c)(1)(A)(ii).[8] Williams argues that it cannot be determined from the plea colloquy whether he realized that he was pleading guilty to one, two, or three counts of the indictment charging a violation of 18 U.S.C. § 924(c)(1)(A)(ii). But Williams's argument is vitiated by his admission that "the factual record here could have equally supported" a plea of guilty on any of the counts charging a violation of 18 U.S.C. § 924(c)(1)(A)(ii). Williams's admission that the record establishes a factual basis for a plea of guilty to any of the counts and, therefore, all of the counts charging a violation of 18 U.S.C. § 924(c)(1)(A)(ii), conclusively establishes that his guilty plea was knowing, intelligent, and voluntary. *See United States v. Faulks*, 143 F.3d 133, 138-139 (3d Cir. 1998) (recognizing that "[a]

---

[8]Williams conflates FED. R. CRIM. P. 11(c) and (f) by arguing that the District Court failed to establish his understanding of the essential elements of each charged crime, as required by FED. R. CRIM. P. 11(c), because there was an inadequate factual basis for the plea, as required by FED. R. CRIM. P. 11(f). Because we are satisfied that there is an adequate factual basis, we will consider his argument under FED. R. CRIM. P. 11(c). FED. R. CRIM. P. 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The District Court relied upon the factual basis established by the government's evidentiary proffer at the plea hearing. *See Cefaratti*, 221 F.3d at 509 (3d Cir. 2000) (recognizing that factual basis for guilty plea required by FED. R. CRIM. P. 11(f) is satisfied by government's evidentiary proffer, presentence report, or any means appropriate for the specific case).

knowing and voluntary plea constitutes an admission of all material facts alleged in the indictment").

## III.

For the foregoing reasons, the sentence imposed by the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge